Thad Sweek died testate in King county, Washington, May 3, 1936. Victor H. Elfendahl and E. Plowden Stott qualified as executors of his will, under which Alexander Sweek, Lillie Harding, and Harry Harding are beneficiaries. The executors filed their inventory of the property of the estate, which they caused to be regularly appraised, and also filed their inheritance tax report. It appears that the property in the state of Washington belonging to the estate was appraised at something over two hundred thousand dollars, and that the estate also owned real property in the state of Oregon, which, in an ancillary administration had in that state, was appraised at seventy-five thousand dollars. The Oregon land was encumbered by a mortgage in the sum of thirty-eight thousand dollars, and some accrued interest.
In computing the inheritance tax due the state of Oregon, the amount of the mortgage indebtedness which was a lien on the real estate in Oregon was deducted from the gross value of the Oregon estate, and the tax there payable computed only upon the net value of the land less the amount of the lien. The owner of the mortgage upon the Oregon land filed its claim with Messrs. Elfendahl and Stott, as representing the main administration, for the amount of indebtedness due it in the sum of thirty-eight thousand dollars, plus some accrued interest, and in estimating the amount of inheritance tax due to the state of Washington, the executors deducted the amount of the claim *Page 662 
filed, to which deduction the supervisor of the inheritance tax and escheat division objected.
After a hearing before the superior court, an order was entered disallowing the deduction, the order reciting that the claim for which the executors sought credit represented an indebtedness secured by a mortgage on real estate in the state of Oregon, which real estate had been appraised in that state at seventy-five thousand dollars; and that, in the probate proceedings in Oregon, in computing the amount due by way of inheritance tax due that state, the amount of the indebtedness had been deducted and credit allowed therefor. From this order, the executors and residuary legatees have appealed, contending that, notwithstanding the facts above stated, the amount of the claim should also be deducted in computing the amount of inheritance tax due to the state of Washington.
[1, 2] Appellants rely upon the provisions of Rem. Rev. Stat. (Sup.), § 11201 [P.C. § 7030-164], designating the property subject to payment of inheritance taxes, the pertinent portion reading as follows:
"All property within the jurisdiction of this state, . . . which shall pass by will . . . shall, for the use of the state, be subject to a tax as provided for in section 11202, after the payment of all debts owing by the decedent at the time of his death . . ." (Laws of 1935, chapter 180, p. 768, § 104.)
Appellants argue that, under this section, the amount of the above mentioned claim, which was filed with them, should be deducted in computing the inheritance tax due this state, notwithstanding the facts that the debt represented by the claim is secured by a mortgage upon real estate in Oregon, and that, in computing the inheritance tax due that state, the amount of the claim was deducted.
The section of the statute above quoted says that the property passing to the beneficiaries shall be subject *Page 663 
to taxation "after the payment of all debts owing by the decedent at the time of his death." It does not provide that the tax shall be computed after giving credit for all claims filed. It may be conceded that the claim was properly presented to the executor, acting under appointment of the superior court of this state, and we assume, without deciding, that it represented a potential liability against the property in their custody belonging to the estate. It may be that, until it was in some manner definitely determined that the property of the estate within the state of Washington would not be called on to satisfy this claim, or some portion thereof, the amount of the inheritance tax due to this state could not be finally determined. Upon that point, we express no opinion. The mere filing of a claim, even though it be a claim which must be paid somewhere by somebody, does not, of itself, allocate the amount thereof so that it should be considered as the payment of a debt, within the scope of the section of the statute above quoted. It is unreasonable to suppose that, if a decedent owned property in half a dozen states, and in each of them some property was appropriated pursuant to mortgage or pledge to pay debts, in the course of ancillary administrations, the amount of the debts so satisfied out of property in other states could be deducted in computing the inheritance tax due to this state, regardless of whether or not claims were filed in the principal administration here. The statute is careful to limit the payment of the inheritance tax to "property within the jurisdiction of this state," and the credit to be allowed for the payment of debts must be held to be limited to debts the payment of which reduces the property within this state which is inherited by the beneficiaries of the estate. To hold otherwise, might result in a large amount of property in this state paying no inheritance tax at all, simply because *Page 664 
the estate owned property in other states encumbered by mortgages upon which claims might properly be filed here. Under such a rule, a large estate here might pass to the beneficiaries, undiminished by even one dollar appropriated to the payment of debts, and yet go free of inheritance tax because of mortgages amply secured by property in other jurisdictions.
[3] Appellants cite authorities which hold that statutes levying taxes should be strictly construed. This principle is well established, but the rule of strict construction of such statutes should not be extended so far as to produce an unreasonable result. Appellants cite other texts and cases to the effect that the debts of a decedent owed at the time of his death, whether then due or not, constitute deductions for the purpose of computing inheritance taxes. These authorities correctly state the law, but do not support appellants' contention. Appellants rely upon the letter of the law, but the wording of the statute does not support their argument. The "payment of all debts" can refer only to debts paid out of property "within the jurisdiction of this state," and which is inherited by someone through the local administration. The rule contended for by appellants would place administrations here at the mercy of ancillary administrations elsewhere, in the course of which pretended debts for large amounts might be collusively allowed and paid. The statute upon which appellants rely will bear no such strained construction.
The following sections of our statute refer to estates owning property both within and without the state of Washington:
Section 107, paragraph (m), chapter 180, Laws of 1935, p. 771 (Rem. Rev. Stat. (Sup.), § 11202-1 [P.C. § 7030-167] (m)), provides for the proration of exemptions *Page 665 
in connection with estates owning property within and without this state, and also provides for the filing of a certified copy of the inventory of all properties without this jurisdiction.
Section 122, chapter 180, Laws of 1935, p. 789 (Rem. Rev. Stat. (Sup.), § 11211d [P.C. § 7030-182]), provides that
"In case of any property belonging to a foreign estate, which estate in whole or in part is liable to pay an inheritance tax in this state, the said tax shall be assessed upon the market value of said property remaining after the payment of such debts and expenses as are chargeable to the property under the laws of this state."
These sections indicate a legislative intent pertinent to the question now before us.
In the case at bar, the record failing to show that any portion of the claim which appellants contend should be deducted has been paid out of the assets of the estate within this jurisdiction, or that appellants contended before the court below that such assets would be subjected to the payment of the claim, or some portion thereof, and sought to delay the adjudication of the amount of inheritance tax due this state until the fact could be definitely determined, the order appealed from is apparently correct, and should be, and is, affirmed.
STEINERT, C.J., HOLCOMB, MILLARD, and ROBINSON, JJ., concur. *Page 666